Argued March 22, conviction affirmed as
modified; remanded for resentencing June 25, 1979

STATE OF OREGON, *Respondent,*
*v.*
MELTON JACK JACKSON, Jr., Appellant.
(No. 23031, CA 11737)

596 P2d 600

Gary L. Hooper, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Melinda L. Bruce, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Tanzer, Richardson and Roberts, Judges.

TANZER, J.

**TANZER, J.**

Defendant appeals his conviction for robbery in the first degree, ORS 164.415, after a trial to the court. His sole assignment of error is that the finding of guilt is erroneous because the state failed to prove that he acted with the requisite mental element for any degree of robbery. We reverse.

While the victim was sitting in a bar, he noticed the light in his car go on. He ran outside to investigate. Defendant, using a tire iron, had broken open the glove box containing over $500 in currency, but had not taken it. The victim pulled the defendant from the car and the defendant hit him with a tire iron a number of times. The victim wrested the tire iron from the defendant and the defendant fled.

The trial court found that the blows were struck to effect escape rather than to complete theft.[1] The court nevertheless found defendant guilty of robbery because, the trial court reasoned, it was the intention of the legislature in revising the robbery statute to include situations of force used in flight from attempted theft. Defendant contends that he could not be found guilty of robbery because there is no proof of the requisite mental element, *i.e.,* force was not used with intent to complete the theft.

Robbery is defined in ORS 164.395:

"(1) A person commits the crime of robbery in the third degree if in the course of committing or attempting to commit theft he uses or threatens the immediate use of physical force upon another person with the intent of:

(a) Preventing or overcoming resistance to his taking of the property or to his retention thereof immediately after the taking."

---

[1] "THE COURT: * * * First, I have a reasonable doubt in my mind as to whether the use of the tire iron was used to complete the theft as distinguished from effecting escape."

The question in this case is whether the force was used "in the course of committing or attempting to commit theft."

Traditionally, robbery is a crime against the person committed by the use or threat of force to commit theft. It was the purpose of the revisers of the criminal code to enlarge the protection of the robbery statute by enlarging its scope.[2] Accordingly, they adopted the approach of the American Law Institute Model Penal Code under which theft becomes robbery if force is used either in the taking of property or in the retention of the property taken.[3] This extended concept is embodied in subsection (1)(a) set out above. They also expanded upon the ALI version by adding the phrase "or attempting to commit theft" which makes most cases of attempted robbery punishable by the same statute as completed robbery. The reference in ORS 164.395(1)(a) to "retention" indicates that the

---

[2] *See* Commentary, Proposed Oregon Criminal Code, pp 155, 156 (July 1970).

[3] ALI Model Penal Code, p 70, § 222.1:

"This provision is unusual only insofar as it makes classification of robbery depend in part on behavior after the theft might be said to be accomplished.[3] The thief's willingness to use force against those who would restrain him in flight strongly suggests that he would have employed it to effect the theft had there been need for it. No rule-of-thumb is proposed to delimit the time and space of 'flight,' which should be interpreted in accordance with the rationale. The concept of 'fresh pursuit' will be helpful in suggesting realistic boundaries between the occasion of the theft and a later distinct occasion when the escaped thief is apprehended.

---

[3] *Cf.* English Larceny Act, 6 and 7 Geo. 5, c. 50 (1916) (violence 'immedialy [*sic*] before or immediately after such robbery'); Federal Bank Robbery Act, 18 U.S.C. § 2113 (aggravated penalty for killing or abducting in commission of offense 'or in avoiding . . . apprehension . . .'). At common law use of force to effect an escape did not make the actor a robber. 1 Hale P.C. 534; IV Bl. Comm. 242. This is the prevailing statutory pattern in America, either by a provision such as New York's (force employed as a means of escape does not constitute robbery, N.Y. Pen. Law § 2121) or by a requirement of *taking by* force or fear (Cal. Pen. Code § 211.). *See State v. Holmes,* 317 Mo. 9, 295 S.W. 71 (1927) (reversing conviction where defendant drew a gun, forced victim into basement *after* victim handed diamonds to defendant to inspect as a prospective purchaser.)."

flight stage of a completed theft is regarded as within the course of an attempted theft.

■ ■ This case does not involve force used in the course of attempting to commit theft. Rather, it involves force used in flight following an abandoned attempt to commit theft. There is no "retention" and hence no extension of the course of the attempt into the flight stage. Because the defendant had abandoned his attempt to commit theft prior to the use of force, his acts do not come within the requirement of the statute that force be used "in the course of committing or attempting to commit theft." In other words, for there to be robbery, there must be a relationship, not a mere concurrence, of force and theft. The revised statute merely extends that idea to the accomplishment of attempted theft and to the retention of the fruits of successful theft; it does not change the requirement that there be a connection between the two elements. Because in this case the force was not used until after the completion and termination of the attempted theft and because there were no fruits of the theft for defendant to use force to retain, the force did not occur "in the course of committing or attempting to commit theft." Hence robbery was not proved and defendant's conviction therefor must be reversed.

■ ■ Where there is a reversal of a conviction for insufficiency of evidence, we have authority to modify the conviction to reflect a lesser crime for which there is evidence and which the fact finder necessarily found to have occurred, *State v. Rainwater,* 26 Or App 593, 553 P2d 1085 (1976); *State v. Wier,* 22 Or App 549, 540 P2d 394 (1975); *State v. Niehuser,* 21 Or App 33, 533 P2d 834 (1975), if the lesser crime is alleged in the accusatory instrument, *State v. Washington,* 273 Or 829, 543 P2d 1058 (1975). Here, the indictment alleged that defendant acted while "attempting to commit theft" of currency in an unspecified amount. That is sufficient to allege attempted theft in the second degree, ORS 164.045 and 161.405, and the trial court

[763]

necessarily found that defendant committed that included crime. Accordingly, we modify the conviction as modified to reflect a conviction for the crime of attempted theft in the second degree.

Conviction affirmed as modified; remanded for resentencing.