Argued and submitted June 17, 1981, affirmed as modified;
remanded for resentencing March 8, 1982

STATE OF OREGON,
*Respondent,*

*v.*

ANTHONY GRAYLON ADAMS,
*Appellant.*

(No. C 80-04-31381, CA 19590)

641 P2d 647

Diane L. Alessi, Portland, argued the cause for appellant. With her on the briefs was Ransom & Blackman, Portland.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARREN, J.

## WARREN, J.

■ Defendant appeals his conviction for first-degree robbery. He assigns four errors, two of which we discuss: former jeopardy and denial of a motion to suppress evidence on the basis of failure to preserve possibly exculpatory evidence.[1] We modify the conviction to second-degree robbery and remand for resentencing.

Defendant was indicted for first-degree robbery of a concession attendant at a movie theatre. The state declined to negotiate a plea, pursuant to the district attorney's then policy. Defendant appeared with his first counsel ready for trial. The trial court asked counsel if they had negotiated; the state explained why it had not. The court indicated that if defendant agreed to waive a jury and have a bench trial on stipulated facts, the court might find him guilty of the lesser offense of second-degree robbery.

Defense counsel consulted defendant, who agreed to a bench trial on stipulated facts. The court questioned defendant to determine whether his waiver of jury trial was voluntary and knowing. The court later noted that defendant had agreed somewhat reluctantly to waive a jury. The state did not object, but it had no right to. Or Const. Art. I, § 11. Defendant stipulated to all facts that the state would have presented to a jury. There was no promise or agreement that the court would find defendant guilty of second-degree robbery. Everyone understood that was likely, but the prosecutor later testified that he still had hoped to sway the court with artful advocacy. He failed.

The court found defendant guilty of second-degree robbery by representing by his conduct that he was armed with what purported to be a dangerous or deadly weapon. ORS 164.405(1)(a).[2] Before sentencing, defendant moved,

---

[1] Defendant also alleged prejudicial misstatements of law by the court. Those complained of, when viewed in context, were not prejudicial and in any case were not preserved by objection. Defendant also alleged prosecutorial misconduct in closing argument. Some of the prosecutor's statements were fair comment; others were improper. Any prejudice was sufficiently negated by timely objection and correction and by timely, repeated cautionary instructions to the jury.

[2] ORS 164.405(1)(a) provides:

"A person commits the crime of robbery in the second degree if he violates ORS 164.395 and he:

"(a) Represents by word or conduct that he is armed with what purports to be a dangerous or deadly weapon."

by new counsel, to withdraw his stipulation and waiver of jury trial and to vacate the guilty finding. He argued that the stipulated facts trial was the "functional equivalent" of a guilty plea and that he was pressured into accepting it. The state did not object to the motion. The court granted the motion, not on the ground of an involuntary guilty plea but specifically because it recalled defendant's reluctant waiver of *jury* trial, and ordered a new trial.

Before the second trial, this time to a jury, defendant moved to dismiss the first-degree robbery charge on former jeopardy, arguing that he could be retried only for robbery in the second degree — the offense found in the bench trial. This motion and the jury trial were presided over by a second judge, who denied the motion and specifically rejected the guilty plea analogy.[3] Defendant was convicted of first-degree robbery.

## FORMER JEOPARDY

The issue is whether jeopardy had attached in a bench trial on stipulated facts. This is a question of first impression in Oregon. The state argues that it was no different from a bargained guilty plea. When defendant moved to vacate his first conviction, defense counsel did characterize the proceeding as similar to a guilty plea; it appears that the trial court viewed the proceeding as an alternative to plea bargaining. However, the trial judge did not comply with statutory procedure in ORS 135.385 for accepting a guilty plea. He informed defendant only of the consequences of waiving jury trial, not of waiving rights to confront witnesses and against self-incrimination or of the maximum possible sentence. There was no contract between parties or between defendant and judge; there was no more than "indication" and "expectation," as described by the prosecutor.

---

[3] The state argues that defendant should be bound on appeal to the guilty plea equivalency position. *See State v. Hickmann,* 273 Or 358, 360, 540 P2d 1406 (1975). That was only part of the defendant's argument on the motion to dismiss. When the court rejected the analogy, defendant argued his motion on the ground that the first trial was a trial, not a plea. Further, the state's position is inconsistent with its own actions, for it never argued below that the first trial was a plea, yet that is its position on appeal. We note that the *Hickmann* rule is a general one: "on appeal the case * * * *should* be heard on the same theory upon which it was presented in the court below * * * — *except* where important considerations of public policy are encountered * * *." (Citations omitted; emphasis added.) 273 Or at 360.

■ We decline the state's invitation to alchemy. A favorable comparison of one aspect of the proceeding is not enough to ignore the differences. It was not a guilty plea situation. It was a bench trial. The doctrine of former jeopardy is applicable to bench trials. ORS 131.505(5)(c) provides:

> "A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action * * *:
>
> "* * * * *
>
> "(c) Proceeds to the trial stage when a judge is the trier of fact and the first witness is sworn."

ORS 131.515(3) provides:

> "If a person is prosecuted for an offense consisting of different degrees, the conviction or acquittal resulting therefrom is a bar to a later prosecution for the same offense, for any inferior degree of the offense, for an attempt to commit the offense or for an offense necessarily included therein. A finding of guilty of a lesser included offense is an acquittal of the greater inclusive offense, although the judgment of conviction is subsequently reversed or set aside."

No witnesses were actually sworn here, because the parties stipulated to the facts. Defendant was convicted; the proceeding did not terminate before conviction. *See* ORS 131.525. Jeopardy attached. *See Price v. Georgia,* 398 US 323, 331, 90 S Ct 1757, 26 L Ed 2d 300 (1970) (the prohibition, not against being twice punished but being twice put in jeopardy, "is cast in terms of risk or hazard of trial and conviction, not of the ultimate legal consequences").[4]

It does not really matter here just when jeopardy attached before conviction, so we need not decide more than that it had attached. *See Finch v. United States,* 433 US 676, 97 S Ct 2909, 53 L Ed 2d 1048 (1977) (per curiam, Rehnquist, J., and Burger, C.J., dissenting; jeopardy had

---

[4] In *Price v. Georgia,* 398 US 323, 90 S Ct 1757, 26 L Ed 2d 300 (1970), the defendant was charged with murder, convicted of manslaughter, granted a new trial on his appeal, recharged with murder, and again convicted of manslaughter. The Supreme Court reversed, even though defendant, was convicted of no greater offense than he was the first time.

attached in bench trial on stipulated facts before court dismissed information after considering stipulated facts and applicable law but before declaring guilt or innocence).

Under ORS 131.505 and 131.515, defendant was "prosecuted" on the greater charge and found guilty by the court of the lesser included offense of second-degree robbery. By statute, if not by the constitution, that finding was an acquittal of first-degree robbery even though later set aside, because the greater charge was submitted to the fact trier, putting defendant once in jeopardy of conviction for first-degree robbery.

Former jeopardy as to the greater offense is not waived by defendant's appeal. *See State v. Martin, supra* n 1, 288 Or at 647; *State v. Turner,* 247 Or 301, 429 P2d 565 (1967). It was not waived by defendant's motion to set aside the conviction. The court should have granted defendant's motion to dismiss the first-degree robbery charge and limited the second trial to a charge no higher than second-degree robbery.

When it granted a new trial, the original trial court noted that the jury could, if inclined, return a verdict for a lesser included offense. At the second trial, the defense attorney, in renewing his double jeopardy motion, asked that the jury be instructed only on second-degree robbery, but no instruction on any lesser offense was given. Defense counsel argued that if defendant were charged with second-degree robbery, his defense strategy would be significantly different, particularly as to whether defendant acted with what purported to be a dangerous weapon, ORS 164.405(1)(a), and as to the manner in which he would conduct *voir dire. See Price v. Georgia, supra,* 398 US at 331-32.

We cannot assume that, had defendant been tried for second-degree robbery, the jury would have heard exactly the same case it heard when he was charged with first-degree robbery. Nor can we assume that the jury was not induced to find defendant guilty of first-degree robbery because it believed he was guilty of something. Because it was not instructed on lesser offenses, its only options were to find defendant guilty of first-degree robbery or guilty of nothing. *Cf. Price v. Georgia, supra,* 398 US at 331-32.

These problems, however, do not rise to the level of prejudice found in *Price v. Georgia, supra,* so as to warrant a new trial. Whatever new or different arguments or tactical posture defendant says he might have adopted had the charge been second-degree robbery, they were not precluded when the charge was first-degree robbery.

Under *State v. Jackson,* 40 Or App 759, 596 P2d 600 (1979), we may modify a conviction reversed for insufficient evidence. *Jackson* requires (1) reversal for insufficient evidence and (2) allegations in the accusatory instrument that include the lesser crime (3) for which evidence was presented and that the jury necessarily found to have occurred. 40 Or App at 763. The first trial to the court necessarily resulted in a finding of insufficient evidence of first-degree robbery. Former jeopardy considerations bind us to that finding. The conviction for first-degree robbery cannot stand. However, second-degree robbery, ORS 164.405(1)(a), is a lesser-included offense of first-degree robbery. ORS 164.415(1)(a). ORS 136.460 permits a jury to find guilt of any lesser *degree* of the crime charged in the accusatory instrument; ORS 136.465 permits the same for *any* lesser-included crime. These statutes presume that allegations of the greater crime necessarily allege lesser degrees or included crimes. There was overwhelming evidence of guilt of the lesser, second-degree robbery, which was necessarily found when the jury returned a verdict for first-degree robbery. Under the facts of this case, we can modify the conviction to second-degree robbery, unless denial of defendant's motion to suppress requires a new trial.

## MOTION TO SUPPRESS

The robber did not wear gloves and the attendant had just wiped off the counter. The robber had put his hand on a glass panel of the popcorn machine. He later tripped and broke another glass panel with his elbow. A police criminalist dusted the counter area for prints and lifted a palm print matching defendant's palm. The criminalist found many prints on the theatre doors and unbroken glass panel, too many to be useful. He did not test the broken glass for fibers, found no identifiable prints there, and told the attendant that she could throw away the broken glass. Several months later, defendant was arrested and interviewed by police, who took notes of the interview, from

which the police reports were drawn. The notes were later destroyed. They contained some information not in the reports.

Defendant moved to suppress the palm print and his statements in the reports under *Brady v. Maryland,* 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963), and its progeny, because the state had destroyed evidence that might have been exculpatory and because the prosecutor had a duty to preserve as well as to disclose. *See State v. Michener,* 25 Or App 523, 550 P2d 449, *rev den* (1976).[5]

As we stated in *State v. Hockings,* 23 Or App 274, 286, 542 P2d 133, *rev den* (1976):

> "* * * Because of the destruction of the questioned [fingerprint evidence], we are forced to choose between two alternatives: dismissal, and overruling defendant's contention, knowing that there is some possibility, however slight, that the destroyed evidence would have been favorable. However, because of the strong showing that the 'lifts' were useless and of doubtful materiality, we reject defendant's assignment of error because his argument is based on pure speculation. First, we are asked to assume that Officers Zion and Rice were both mistaken that the lifts were useless, which is highly unlikely given the 27 years of experience between them. Next, we are asked to assume that the newly uncovered print would not be of * * * some other expected person. Then, defendant argues that this unexplained print might raise a reasonable doubt in the minds of the jurors. We disagree. Even assuming some of the prints were identifiable and not of someone known, another print at the scene does not explain the presence of defendant's prints * * * nor the other evidence pointing toward him as the perpetrator. * * *"

Defendant here, too, speculates. We find nothing indicating wilful circumvention of the duty to preserve. Even if the destruction was negligent, defendant has not only not shown but has not even argued how that evidence might have been exculpatory. The trial court did not err in denying the motion.

Conviction affirmed as modified for second-degree robbery, ORS 164.405(1)(a); remanded for resentencing.

---

[5] Defendant's claim is a constitutional, not statutory, one and, therefore, unlike those raised in *State v. Haynes,* 49 Or App 89, 619 P2d 889 (1980), and *State v. Morrison,* 33 Or App 9, 575 P2d 988 (1978).