Argued and submitted October 21, affirmed December 7, 1983

# STATE OF OREGON,
*Respondent,*

*v.*

# LAVELLE RAY JOHNSON,
*Appellant.*

(C83-02-30739; CA A28090)

672 P2d 1249

Philip A. Lewis, Portland, argued the cause and filed the brief for appellant.

Christine A. Chute, Special Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals his conviction for failure to appear in the first degree. ORS 162.205. He assigns as error denial of his motion for judgment of acquittal. We affirm.

Defendant initially was charged with theft in the first degree, a felony. After a jury trial he was found guilty. On January 4, 1983, he appeared in court with his attorney for sentencing. The court placed defendant on five years' probation with the condition that he serve one year at the Multnomah County Correctional Facility, with work release to commence immediately, and ordered him taken into custody. Everyone except the clerk and defendant left the courtroom. The clerk telephoned for a guard to take defendant into custody. Defendant asked the clerk for permission to go to the lavatory. The clerk agreed when he promised to return. He did not.

ORS 162.205(1) provides:

"A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that he will subsequently appear personally in connection with a charge against him of having committed a felony, he intentionally fails to appear as required."

Defendant argues that the court should have granted his motion for judgment of acquittal because to "appear personally in connection with a charge against him" does not mean that a defendant must make himself available for incarceration by remaining in the courtroom. The argument is without merit.

After his initial arrest and before trial on the theft charge, defendant signed and was released on a release agreement. ORS 135.255(2) provides that:

"A failure to appear as required by the release agreement shall be punishable as provided in * * * ORS 162.205."

By leaving the courtroom and not returning, defendant violated the statutory general conditions of the release agreement, ORS 135.250(1), because he failed to appear "until discharged or final order of the court," failed "to submit himself to the orders * * * of the court" and failed to comply

"with such other conditions as the court may impose."[1] Defendant also violated the specific terms of the release agreement, because he failed "to appear at all times and places ordered by the court until discharged or final order of the court" and failed "to obey all court orders and comply with any conditions the court may impose."[2] Until taken into custody in accordance with the court's order, defendant remained subject to the terms of the release agreement.

Affirmed.

---

[1] ORS 135.250 provides:

"(1) If a defendant is released before judgment, the conditions of the release agreement shall be that he will:

"(a) Appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court;

"(b) Submit himself to the orders and process of the court;

"(c) Not depart this state without leave of the court; and

"(d) Comply with such other conditions as the court may impose.

"* * * * *"

[2] The release agreement provides:

"Pursuant to the provisions of ORS 135.250, I, the defendant named above, have read, understand and hereby agree to the following conditions:

"1) To appear at all times and places ordered by the Court until discharged or final order of the Court.

"2) Not to leave the State of Oregon without permission of the court.

"3) That if I fail to appear at my scheduled court appearance and I am apprehended outside the State of Oregon, I hereby waive extradition.

"4) To obey all court orders and comply with any conditions the court may impose.

"5) To keep my attorney and the pre-trial release office, 248-3893 (if released on recognizance) advised of my whereabout and employment at all times.

"6) That being arrested on any other charge may result in revocation of this release order if I am released on recognizance or forfeiture of any bail posted in my behalf.

"7) That bail posted on my behalf may be applied to any fine costs or restitution imposed.

"8) That any breach of this agreement is punishable by contempt of court and could result in re-arrest and the forfeiture of any bail posted, or additional prosecution for the separate crime of Failure to Appear punishable by imprisonment and fine."