Argued and submitted October 31, 1986, affirmed March 11, reconsideration denied April 24, petition for review denied May 12, 1987 (303 Or 370)

## STATE OF OREGON
*Respondent,*

*v.*

## RONALD DEAN PHILLIPS,
*Appellant.*

## (86-CR-40; CA A40040)
734 P2d 4

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Douglas F. Zier, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before, Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Defendant appeals his conviction for failure to appear. ORS 162.205. He assigns as error that the court denied his motion for judgment of acquittal. We affirm.

Defendant had been charged with burglary and robbery, both felonies, and was incarcarated awaiting trial. He was released from custody on December 2, 1985, under a release agreement, which provided:

"YOU ARE RELEASED ON THE FOLLOWING ADDITIONAL CONDITIONS:

"* * * * *

"YOU ARE   (    )    District Court    I will appear and
TO APPEAR  (XX)    Circuit Court     answer this
                                                 charge (s) in the
                                                 designated court at
                                                 _____ M. on
                                                 Hour

                                                 Month    Day    Year
                                                       TO BE SET

"* * * * *

"GENERAL CONDITIONS:    On oath I do hereby agree to appear at all times and places as ordered by any court having jurisdiction over prosecution, judgment and execution of sentence imposed. * * *

"* * * * *

"FAILURE TO APPEAR:    For any failure to appear as required before a judge or other judicial officer, a warrant for my arrest may be issued and I shall be subject to prosecution * * *."

Defendant's trial for burglary and robbery began on December 18, 1985, and continued on December 19 and 20. He was present on the first two days. On December 19, the court, with defendant present, stated:

"We will be taking our evening recess at this time [and] starting at 9:30 in the morning."

Defendant, however, failed to appear on December 20, 1985. The court found that he had voluntarily absented himself, denied his counsel's motion for a continuance and ordered that the trial proceed. The jury acquitted him on both charges.

Defendant argues that the court should have granted his motion for judgment of acquittal of the charge of failure to appear, because he had appeared at the first two days of trial. He asserts that the court did not order him to appear on the last. ORS 162.205(1) provides:

"A person commits the crime of failure to appear in the first degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person of having committed a felony, the person intentionally fails to appear as required."

ORS 135.255(2) provides:

"A failure to appear as required by the release agreement shall be punishable as provided in ORS * * * 162.205."[1]

The court did not err when it denied defendant's motion for judgment of acquittal. It ruled that the release agreement required him to appear on December 20. We agree. In the agreement, he agreed to appear and answer the charges in the circuit court on dates and times "to be set." He was aware that December 20 was the date that the court had set, but intentionally did not appear. His violation of the release agreement is not excused because he was present on the other days of trial. *State v. Harris,* 291 Or 179, 630 P2d 332 (1981), does not require a different result.[2]

Affirmed.

---

[1] ORS 135.250(1) specifies the general conditions of release agreements:

"If a defendant is released before judgment, the conditions of the release agreement shall be that the defendant will:

"(a) Appear to answer the charge in the court having jurisdiction on a day certain and thereafter as ordered by the court until discharged or final order of the court;

"(b) Submit to the orders and process of the court;

"(c) Not depart this state without leave of the court; and

"(d) Comply with such other conditions as the court may impose."

[2] In *Harris,* the court construed ORS 136.040, which provides:

"If the charge is for a misdemeanor, the trial may be had in the absence of the defendant if the defendant appears by counsel; but if it is for a felony, the defendant shall appear in person."