# STATE OF OREGON,
*Respondent,*

*v.*

# CURTIS JON COFFIN,
*Appellant.*

(90C-20350; CA A66533)

822 P2d 743

D. Olcott Thompson, Salem, argued the cause and filed the brief for appellant.

Meg E. Kieran, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

Defendant appeals his conviction for robbery in the first degree. ORS 164.415. He assigns as error the trial court's refusal to give a jury instruction for robbery in the second degree, ORS 164.405, as a lesser included offense. We affirm.

In the third count of a 3-count indictment, defendant was charged with robbery in the first degree. The indictment alleged, and the state presented evidence, that defendant brandished a knife and demanded money from a convenience store clerk. Defendant requested an instruction on the lesser included offense of robbery in the second degree. He argued that there was evidence that would allow the jury to conclude that no weapon was used during the robbery. The trial court refused to give the instruction.

ORS 136.460 and ORS 136.465 entitle a defendant to a lesser included offense instruction if there is

> "evidence, or an inference which can be drawn from the evidence, which supports the requested instruction so that the jury could rationally and consistently find the defendant guilty of the lesser offense and innocent of the greater." *State v. Washington*, 273 Or 829, 836, 543 P2d 1058 (1975). (Citations omitted.)

Defendant argues that, because the tape from the convenience store video camera did not show a weapon, it contradicted the clerk's testimony that defendant had a knife and raised a factual question as to that element of the offense charged. Therefore, the jury could rationally and consistently find that no weapon was used and that defendant was guilty of robbery in the second degree and innocent of robbery in the first degree. We disagree. There was evidence from which the jury could find that the robber had a knife. The video tape showed only the robber's back and did not confirm the presence or absence of a knife. Not confirming a witness's testimony is not the same as contradicting it.

Defendant presented no evidence challenging or contradicting the clerk's testimony. He argued only that he was not at the store when it was robbed. The trial court refused to give the instruction, because it found that, for the jury to

conclude that no weapon was used, it would have to completely disbelieve the uncontradicted, unchallenged testimony of a credible, unimpeached witness. It has long been the rule in Oregon that

> " '* * * when the government has made out a compelling case, uncontroverted on the evidence, on an element required for the charged offense but not for the lesser-included offense, there is a duty on defendant to come forward with some evidence on that issue if he wishes to have the benefit of a lesser-included offense charge. * * * Two prerequisites seem vital: that there be no factual dispute and that a finding contrary to the only evidence on the issue would be irrational.' " *State v. Williams*, 270 Or 152, 155, 526 P2d 1384 (1974) (*quoting Driscoll v. United States*, 356 F2d 324, 327 (1st Cir 1966)).

Defendant was not entitled to a lesser included offense instruction because the state produced uncontroverted evidence that he had a knife when he robbed the clerk. Defendant produced no evidence to support a rational conclusion by the jury that he had no knife. The trial court did not err in refusing to give the instruction.

Affirmed.