Argued and submitted December 20, 1991, convictions affirmed; sentences vacated; remanded for resentencing April 1, 1992

STATE OF OREGON,
*Respondent,*

*v.*

MICHAEL H. EASTMAN,
*Appellant.*

(90-20530; CA A66101)

828 P2d 484

Mary M. Reese, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Sally L. Avera, Public Defender, Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Defendant pled guilty[1] to four counts of failure to appear in the second degree. ORS 162.195. He argues that the trial court erred by imposing four judgments of conviction and sentences, because each failure to appear related to the same date, time and place. We remand for resentencing.

■    Defendant was scheduled to appear for sentencing on five convictions involving two incidents. The first conviction was for driving under the influence of intoxicants. ORS 813.010. The other convictions related to a separate driving incident: reckless driving, ORS 811.140; failure to perform the duties of a driver when property is damaged, ORS 811.700; recklessly endangering another person, ORS 163.195; and criminal mischief in the second degree. ORS 164.354. Defendant signed a release agreement on April 19, 1990, two agreements on March 5, 1990, and an agreement on March 6, 1990, regarding the convictions, each of which required him to appear in Lane County District Court at 9:00 a.m. on April 24, 1990, for sentencing. Defendant intentionally failed to appear in court on that date and was charged with four counts of failure to appear.

Defendant argues that he should receive only one conviction and sentence. The state contends that the legislature intended multiple convictions and sentences to be imposed under the circumstances. ORS 162.195(1) provides:

> "A person commits the crime of failure to appear in the second degree if, having by court order been released from custody or a correctional facility upon a release agreement or security release upon the condition that the person will subsequently appear personally in connection with a charge against the person having committed a misdemeanor or violation, the person intentionally fails to appear as required."

ORS 135.255(2) provides:

> "A failure to appear as required by the release agreement shall be punishable as provided in ORS 162.195 or 162.205."

The gravamen of the offense is the violation of a release or security agreement. *See State v. Clay*, 84 Or App 514, 734 P2d

---

[1] The appeal is properly before us. *See* ORS 138.050; ORS 138.053.

400 (1987); *State v. Phillips*, 84 Or App 316, 734 P2d 4, *rev den* 303 Or 370 (1987); *State v. Johnson*, 66 Or App 123, 672 P2d 1249 (1983). When defendant failed to appear, he violated four release agreements.

Defendant argues that "true merger" applies, so that the trial court should have entered only one conviction and sentence. We agree with the parties that these facts do not fit within ORS 161.062 and ORS 161.067.[2] Therefore, the issue is governed by case law. *See State v. Crotsley*, 308 Or 272, 278, 779 P2d 600 (1989). In *State v. Cloutier*, 286 Or 579, 586, 596 P2d 1278 (1979), the court said that "merger" occurs "when the completion of one offense necessarily includes commission of acts sufficient to constitute violation of another statute." Here, one act of failing to appear violated four agreements. Because there were discrete violations, defendant could be convicted of a separate charge for the violation of each agreement. *See State v. Linthwaite*, 295 Or 162, 176, 665 P2d 863 (1983).

■ The next issue is whether the separate convictions should result in a single sentence or multiple sentences. We look to legislative intent. *State v. Linthwaite, supra,* 295 Or at 177. The state does not cite any persuasive legislative history of ORS 162.195, nor have we found any, to demonstrate that the legislature intended multiple punishments for failures to appear on the same date at the same time and place. In *State v. Welch*, 264 Or 388, 505 P2d 910 (1973), the court held that

---

[2] ORS 161.067 provides, in part:

"(1) When the same conduct or criminal episode violates two or more statutory provisions and each provision requires proof of an element that the others do not, there are as many separately punishable offenses as there are separate statutory violations.

"(2) When the same conduct or criminal episode, though violating only one statutory provision involves two or more victims, there are as many separately punishable offenses as there are victims. * * *

"(3) When the same conduct or criminal episode violates only one statutory provision and involves only one victim, but nevertheless involves repeated violations of the same statutory provision against the same victim, there are as many separately punishable offenses as there are violations, except that each violation, to be separately punishable under this subsection, must be separated from other such violations by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent."

publishing two forged checks in the same transaction constituted one offense. It reasoned that, if there is no indication of legislative intent, doubts are to be resolved in favor of leniency. The rationale was that a defendant should not be punished twice for one criminal episode unless the legislature clearly has prescribed additional penalties. *State v. Garcia*, 288 Or 413, 426, 605 P2d 671 (1980); *see also State v. Crotsley, supra*, 308 Or at 278. Because the legislature has not clearly prescribed multiple penalties under these circumstances, we hold that defendant can only be sentenced for one crime.

Convictions affirmed; sentences vacated; remanded for resentencing.