Argued and submitted February 29, reversed in part; otherwise affirmed
October 11, 2000

## STATE OF OREGON,
*Respondent,*

*v.*

## MARK ALLEN ZIMMERMAN,
aka Bradley Duane Zimmerman,
*Appellant.*

(9710-38533; CA A101802)

12 P3d 996

Jesse Wm. Barton, Deputy Public Defender, argued the cause for appellant. With him on the briefs was David E. Groom, Public Defender.

Holly A. Vance, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant appeals a judgment of conviction after a trial to the court on one count of second-degree robbery, ORS 164.405(1), and one count of unauthorized use of a vehicle, ORS 164.135(1). He argues that the trial court erred in entering judgment on the robbery count and in imposing an unlawful term of post-prison supervision on the robbery count. We agree that the trial court erred in entering judgment on the second-degree robbery count. Our decision makes it unnecessary to address the alleged sentencing error.

The facts are not in dispute. Defendant stole a car, drove to a grocery store, entered the store, and took groceries without paying for them. A struggle ensued when store employees attempted to stop him. Defendant threatened to draw a knife and stab one of the employees, but he did not actually draw a weapon during the struggle. He was charged with first-degree robbery. The first count of the indictment read:

> "The said defendant, on or about October 24, 1997, in the County of Multnomah, State of Oregon, did unlawfully and knowingly use and threaten the immediate use of physical force upon [the victim], and did use and attempt to use a dangerous weapon, to wit: a knife, while in the course of committing and attempting to commit theft of property * * *."

The second count was identical, except that it omitted specific reference to the knife.

The trial court found defendant guilty on the unauthorized use count and acquitted him on the two first-degree robbery counts, finding that defendant did not use or attempt to use a weapon. It nevertheless entered a conviction on what it ruled was the lesser included offense of second-degree robbery, finding that, although defendant had not used a weapon, he had represented by conduct that he possessed one. The trial court imposed a sentence of 70 months on the second-degree robbery conviction, with 24 months of post-prison supervision. The court later increased the term of post-prison supervision to 36 months, based on intervening

legislation that increased the crime seriousness ranking for second-degree robbery. The court also imposed a concurrent sentence of 13 months' imprisonment and 12 months' post-prison supervision on the unauthorized use conviction.

On appeal, defendant first argues that his conviction for second-degree robbery must be reversed, because second-degree robbery is not a lesser included offense of first-degree robbery. According to defendant, the two crimes contain different elements. The state argues that the elements are essentially the same and that, in any event, this court previously has stated that second-degree robbery is a lesser included offense of first-degree robbery.

ORS 136.460(1) provides, in part:

> "Upon a charge for a crime consisting of different degrees, the jury may find the defendant not guilty of the degree charged in the accusatory instrument and guilty of any degree inferior thereto * * *."

In *State v. Boyum*, 25 Or App 51, 54-55, 548 P2d 172 (1976), this court held that the statutory reference to a "degree inferior" means a lesser included offense. A crime is a lesser included offense of another crime if either of two circumstances exist: (1) the elements of the lesser offense necessarily are included in the greater offense, or (2) all of the elements of the lesser offense are expressly set forth in the accusatory instrument. *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999).

We begin with a comparison of the elements of first-degree and second-degree robbery. A person commits first-degree robbery if he or she commits robbery and

"(a)  Is armed with a deadly weapon; or

"(b)  Uses or attempts to use a dangerous weapon; or

"(c)  Causes or attempts to cause serious physical injury to any person."

ORS 164.415. In contrast, second-degree robbery occurs when a person commits robbery and:

"(a)   Represents by word or conduct that the person is armed with what purports to be a dangerous or deadly weapon; or

"(b)   Is aided by another person actually present."

ORS 164.405(1). The state argues that second-degree robbery is a lesser included offense of first-degree robbery, because "clearly, one who uses or attempts to use a knife against another necessarily represents by conduct that he or she has a knife." Defendant argues that the state's argument does not necessarily follow. We agree with defendant.

■     In this case, defendant was found guilty of second-degree robbery under ORS 164.405(1)(a), that is, because he committed robbery and represented by his conduct that he was armed with a dangerous or deadly weapon. The question is whether that element—representing to be armed with a dangerous or deadly weapon—is necessarily contained in the elements of first-degree robbery. Review of the elements of first-degree robbery readily leads to the conclusion that the disputed element of second-degree robbery is not necessarily contained in the greater crime. First-degree robbery may be committed if the individual committing the crime is "armed with a deadly weapon." ORS 164.415(1)(a). The person committing the crime need not actually use the deadly weapon, much less make any representations about it.

■■     First-degree robbery also may be committed if the individual committing the crime "[u]ses or attempts to use a dangerous weapon." ORS 164.415(1)(b). Using or attempting to use a dangerous weapon does not always necessitate making a representation about it. To "represent" generally means to "bring clearly before the mind: cause to be known, felt, or apprehended: present esp. by description." *Webster's Third New Int'l Dictionary,* 1926 (unabridged ed 1993). An individual committing a robbery may use a weapon without causing the victim to know, feel, or apprehend that fact, as when the individual brandishes a gun at a blind victim while taking the victim's wallet.

To the extent that there is any ambiguity in the phrasing of the elements of the first- and second-degree robbery statutes, the legislative history removes any doubt as to

the legislature's intentions. The Criminal Law Revision Commission's Commentary on the criminal code explains that the second-degree robbery statute

> "raises the crime to robbery in the second degree if the robber *creates the impression that he is armed* * * *. [The statute] is intended to cover the type of robbery in which the actor is, in fact, unarmed, but conveys to the victim the impression that he has a weapon. * * * This [statute] would make it second-degree robbery if the robber uses a note, a 'hand-in-pocket' technique or a fake weapon to convey the impression that he is armed with a 'dangerous or deadly weapon.'"

Commentary to Criminal Law Revision Commission Proposed Oregon Criminal Code, Final Draft and Report, § 150, 155 (1970) (emphasis in original).

The state is correct that, in at least two prior cases, we have stated that second-degree robbery is a lesser included offense of first-degree robbery. *State v. Coffin*, 110 Or App 331, 333, 822 P2d 743 (1991), *rev den* 313 Or 210 (1992); *State v. Adams*, 56 Or App 303, 309, 641 P2d 647 (1982). The issue was not squarely presented in either case, however. Nor was the statement essential to the disposition of either decision. We decline to follow the *dicta* of those decisions.

We therefore conclude that, although in some—indeed, in many—cases the crimes of first- and second-degree robbery may overlap, one crime is not necessarily subsumed in the other. A comparison of the elements of the two crimes makes clear that second-degree robbery is not a lesser included offense of first-degree robbery.

██ Even so, second-degree robbery may be treated as a lesser included offense of first-degree robbery if the accusatory instrument recited sufficient facts to satisfy each element of second-degree robbery. *Cook*, 163 Or App at 584. In this case, however, the indictment contained no such allegations. It alleged that defendant "did use and attempt to use a dangerous weapon," but said nothing about defendant representing to the victim or anyone else that he was armed with a dangerous weapon. Accordingly, the indictment failed to

allege all the elements of second-degree robbery. It necessarily follows that the trial court erred in entering a judgment of conviction for second-degree robbery.

Defendant next argues that the trial court erred in increasing his term of post-prison supervision from 24 to 36 months, because the statute increasing the crime seriousness ranking for second-degree robbery did not go into effect until after he committed the crime. The issue, however, is academic in light of our conclusion that the trial court erred in entering the conviction on that count.

Judgment of conviction for second-degree robbery reversed; otherwise affirmed.