148

Argued and submitted August 27, 2009, reversed January 6, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## KHATARA ALISIA LEE ARNEY,
*Defendant-Appellant.*

Lake County Circuit Court
070056CR; A136273

225 P3d 125

Lindsey K. Detweiler argued the cause for appellant. On the brief were Peter Gartlan, Chief Defender, Appellate Division, and Travis Eiva, Deputy Public Defender, Office of Public Defense Services.

Linda M. Wicks, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Erika L. Hadlock, Acting Solicitor General.

Before Schuman, Presiding Judge, and Brewer, Chief Judge, and Riggs, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

In this criminal case, defendant was convicted of first-degree failure to appear, ORS 162.205. She argues that the trial court erred in denying what she characterizes as her motion for a judgment of acquittal. The state responds that the trial court did not err, but that even if it did, defendant is entitled at most to a remand for entry of a conviction for second-degree failure to appear, ORS 162.195. For the reasons explained below, we agree with defendant that the trial court erred and that the state is not entitled to remand for entry of a conviction for second-degree failure to appear. Accordingly, we reverse defendant's conviction.

The history of this case begins with the underlying charges on which defendant failed to appear. In that underlying case, defendant was charged with four counts of unlawful use of a weapon, a felony, and four counts of menacing, a misdemeanor. That distinction—felony vs. misdemeanor—becomes important. Defendant was arrested on the charges and held in the local jail. Plea discussions ensued. Ultimately, the state offered, and defendant accepted, an agreement under which defendant would plead guilty to two counts of menacing and all other charges would be dismissed. Defendant attended a change-of-plea hearing, at which the trial court accepted her plea of guilty to the two menacing misdemeanors. For reasons that the record does not disclose, the remaining counts were not dismissed at that time. Rather, sentencing on the menacing convictions was set for about two weeks later.

After the trial court accepted defendant's pleas, but before sentencing, defendant sought release from custody pending sentencing. A deputy sheriff prepared a release agreement. The form agreement noted the trial court file number for the case and stated that defendant was being released on the menacing charges:

"You are being released by the Court/Release Assistance Officer or Deputy in lieu of remaining in custody on the charge(s) of:

"Menacing X 2"

The agreement made no mention of the charges (including the felony unlawful use of a weapon counts) that were to be dismissed. The agreement required defendant to appear "for sentencing" on the specified date. Defendant signed the agreement and was released.

Defendant failed to appear at the time set for sentencing, and a warrant was issued for her arrest. A few days later, defendant turned herself in, and the sentencing hearing was reset. At sentencing, the trial court dismissed the remaining charges and imposed sentence on the two menacing convictions.

That brings us to the current case. Based on her failure to make an appearance at the time initially set for sentencing, the state charged defendant with first-degree failure to appear, pursuant to ORS 162.205, which provides:

> "(1)   A person commits the crime of failure to appear in the first degree if the person knowingly fails to appear as required after:
>
> "(a)   Having by court order been released from custody or a correctional facility under a release agreement or security release upon the condition that the person will subsequently appear personally *in connection with a charge against the person of having committed a felony*; or
>
> "* * * * *
>
> "(2)   Failure to appear in the first degree is a Class C felony."

(Emphasis added.)

Pretrial, defendant filed a document styled as a demurrer "and/or" motion to dismiss. In support of that motion, defendant argued, among other things, that she could not have committed first-degree failure to appear, because she failed to appear on the two misdemeanors, not on felonies, as required by ORS 162.205(1)(a). Defendant argued that she could be guilty of, at most, second-degree failure to appear. That offense mirrors the offense with which defendant was charged, except that it requires that the state prove

that the defendant failed to appear in connection with a misdemeanor, rather than in connection with a felony. ORS 162.195. Second-degree failure to appear is a misdemeanor.

The trial court disallowed the demurrer and denied the motion to dismiss, and the case proceeded to a bench trial. At trial, the state presented evidence of the release agreement and of defendant's failure to appear at sentencing. The trial court took judicial notice of the court file in the underlying case. In closing argument, defense counsel argued that, in light of the evidence presented at trial, the court could convict defendant of, at most, second-degree failure to appear: "I think this Court, if the Court is going to find her guilty, finds her guilty of failure to appear as a misdemeanor." Ultimately, the trial court convicted defendant of first-degree failure to appear.

■ On appeal, defendant assigns error to the trial court's denial of her motion for a judgment of acquittal. Defendant, however, never explicitly moved for a judgment of acquittal. Rather, she asserts that her closing argument to the trial court was the functional equivalent of a motion for a judgment of acquittal. *See, e.g.*, *State v. Forrester*, 203 Or App 151, 155, 125 P3d 47 (2005), *rev den*, 341 Or 141 (2006) (a defendant can preserve a claim that the evidence is legally insufficient for conviction by raising that argument to the trial court without a motion for a judgment of acquittal). The state asserts that defendant did not do enough to preserve her legal insufficiency claim. Having reviewed the trial court file and transcript, we are satisfied that defendant, as required by *Forrester*, "clearly raise[d] the issue," at several times in the course of the criminal prosecution, including in closing argument. 203 Or App at 155. We turn, therefore, to the merits.

■ If a person fails to appear "in connection with a charge against the person of having committed a felony," that person has committed first-degree failure to appear, itself a felony. ORS 162.205. If, in contrast, the person fails to appear "in connection with a charge against the person of having committed a misdemeanor," that person has committed second-degree failure to appear, itself a misdemeanor. ORS

162.195. Here, defendant argues, she failed to appear for sentencing "in connection with" the two counts of menacing of which she had been convicted. Accordingly, she concludes, the state did not introduce evidence from which a rational trier of fact could find that she failed to appear in connection with a felony charge, and the trial court erred in entering a conviction for first-degree failure to appear.

The state responds that the release agreement actually required defendant to appear on all charges that had not been disposed of by a judgment. The state reasons that, because the four felony charges had not been dismissed when the court accepted defendant's guilty pleas pursuant to the plea agreement, the release agreement—despite its explicit reference only to the two misdemeanor menacing charges— also required her to appear on those felony charges.[1] The state concludes that it presented sufficient evidence that defendant failed to appear in connection with felony charges, and the trial court, accordingly, did not err in entering a conviction for first-degree failure to appear. As explained below, notwithstanding the fact that the felony charges had not formally been dismissed at the time that defendant was released, we agree with defendant that she was released only "in connection with" the misdemeanor charges.

■    The parties do not dispute that defendant was released pursuant to a release agreement and that she failed to appear as required by the agreement. The sole question is whether she failed to appear "in connection with" a misdemeanor or "in connection with" a felony. For several reasons, we agree with defendant that it is the former. "The gravamen of the offense [of failure to appear] is the violation of a release or security agreement." *State v. Eastman*, 112 Or App 256, 258, 828 P2d 484 (1992); *see State v. Duvall*, 187 Or App 316, 320, 67 P3d 424 (2003) ("[A]n allegation that a defendant has violated a release agreement states a crime."). We thus focus

---

[1] At oral argument, defendant clarified—or, perhaps, expanded—her argument to include the contention that the felony charges were dismissed by operation of law when the trial court accepted defendant's guilty pleas on the misdemeanors, pursuant to the plea agreement. However, as discussed below, our analysis does not depend on whether the felony charges still "existed" in some abstract sense at the time defendant entered into the release agreement.

on the release agreement, rather than the accusatory instrument in the underlying case or other aspects of that case.

Here, the release agreement unambiguously stated that defendant was released on the misdemeanor menacing charges: "You are being released * * * on the charge(s) of * * * Menacing X 2." Moreover, the release agreement, in a check-the-box fashion, stated that defendant agreed to appear at "sentencing." At the time the release agreement was entered into, the court had accepted defendant's guilty pleas to two misdemeanor menacing charges and had approved the plea agreement calling for dismissal of the other charges. Because she had not been convicted of the felony charges, defendant could not have agreed to appear for sentencing on those charges. In short, the agreement that defendant violated pertained only to the misdemeanor menacing charges, and did not require an appearance "in connection with" the felony charges. That the state had not yet completed the ministerial task of moving to dismiss the remaining charges is irrelevant. Because there was no evidence that defendant failed to appear in connection with felony charges, the trial court erred in entering a conviction for first-degree failure to appear.

■ We turn to the proper disposition on appeal. As noted above, the state argues that, if we agree with defendant that the trial court erred in finding her guilty of first-degree failure to appear, we should remand for entry of a conviction for second-degree failure to appear. It argues that there is no dispute that the state proved all the elements of that offense. In response, defendant points to ORS 136.465, which provides: "In all cases, the defendant may be found guilty of any crime the commission of which is necessarily included in that with which the defendant is charged in the accusatory instrument or of an attempt to commit such crime." Defendant asserts that second-degree failure to appear is not "necessarily included" in first-degree failure to appear, because the former requires that the defendant fail to appear on a misdemeanor charge, while the latter requires nonappearance on a felony charge. Defendant concludes that, because she was not charged with second-degree failure to appear, and it is not a lesser-included offense, we cannot remand for entry of a conviction for that crime.

We agree that the state proved all the elements of second-degree failure to appear. But that does not resolve the matter. "It is a basic component of a defendant's fundamental right to due process that a court may not find him guilty of a crime for which he has not received notice or an opportunity to prepare a defense." *State v. Barrie*, 227 Or App 378, 381, 206 P3d 256 (2009). Normally, it is the accusatory instrument that gives notice and an opportunity to prepare a defense. And, as defendant points out, that includes notice that the defendant may be convicted of any lesser-included offense. ORS 136.465. As defendant argues, second-degree failure to appear is not a lesser-included offense of first-degree failure to appear, as the former requires proof of non-appearance on a misdemeanor charge, while the latter requires nonappearance on a felony charge. Each crime requires proof of an element that the other does not. Nor does the state point to any other authority that would permit the entry of a conviction against defendant for an offense with which she was not charged in an accusatory instrument.[2]

Because defendant was not charged with second-degree failure to appear and because that crime is not a lesser-included offense of first-degree failure to appear, she could not have been convicted of second-degree failure to appear. It follows that we cannot remand for entry of a conviction for second-degree failure to appear.

Reversed.

---

[2] The state contends that defendant, in effect, invited any error by suggesting to the sentencing court that it could convict her of second-degree failure to appear. However, the trial court did not adopt that suggestion, and it is not the action to which defendant assigns error.