No. 135　　　　February 26, 2025　　　　175

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CASIMIRO MOTA,
*Defendant-Appellant.*

Malheur County Circuit Court
23CR03029; A183042

Lung S. Hung, Judge.

Submitted January 10, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and James Brewer, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Leigh A. Salmon, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Defendant appeals a judgment of conviction for second-degree failure to appear, ORS 162.195. The state concedes that the trial court erred in assuming that second-degree failure to appear is a lesser-included offense of first-degree failure to appear, ORS 162.205. We agree with and accept the state's concession. We therefore reverse defendant's conviction.[1]

The state charged defendant with first-degree failure to appear, and the case proceeded to a jury trial. After the state rested, defendant moved for a judgment of acquittal because, in the case in which he had failed to appear, defendant had been charged with misdemeanors. The state conceded that the underlying offense had been charged as a misdemeanor, not a felony, but it moved the trial court to reduce the charge to a lesser-included offense to avoid having to "dismiss and re-bring the case." The trial court allowed the state to proceed on a theory of second-degree failure to appear. The jury found defendant guilty of that offense.

On appeal, defendant argues that the trial court erred, or plainly erred, in allowing the state to proceed on a theory of second-degree failure to appear because it is not a lesser-included offense. The state does not contest preservation and concedes that the trial court erred. We accept the concession.

A crime is a lesser-included offense when either "(1) the elements of the lesser offense necessarily are included in the greater offense, or (2) all of the elements of the lesser offense are expressly set forth in the accusatory instrument." *State v. Zimmerman*, 170 Or App 329, 332, 12 P3d 996 (2000). As we explained in *State v. Arney*, 233 Or App 148, 155, 225 P3d 125 (2010), "second-degree failure to appear is not a lesser-included offense of first-degree failure to appear, as the former requires proof of nonappearance on a misdemeanor charge, while the latter requires nonappearance on a felony charge." In other words, "[e]ach crime requires proof of an element that the other does not." *Id.*

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.

Here, the trial court acquitted defendant of first-degree failure to appear, and defendant was never charged with second-degree failure to appear. "Generally, a court does not have jurisdiction to convict on a charge for which the defendant was not indicted." *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999); *see also Arney*, 233 Or App at 155 (explaining that the defendant could not be convicted of second-degree failure to appear when the defendant was not charged with that crime). We reverse defendant's conviction for the uncharged offense of second-degree failure to appear.

Reversed.