No. 294 April 8, 2026 453

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

KYLE ROBERT THOMPSON,
*Defendant-Appellant.*

Coos County Circuit Court
23CR31015, 23CR43155; A182984 (Control), A182982

Andrew E. Combs, Judge.

Submitted July 9, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Joel Duran, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Jennifer S. Lloyd, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, Joyce, Judge, and Hellman, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this consolidated case, defendant appeals a judgment convicting him of two counts of first-degree failure to appear (FTA) pursuant to ORS 162.205(1)(a). Defendant challenges the trial court's failure to merge the two convictions of FTA, arguing that ORS 161.067(3) requires merger because the legislature did not intend for defendant's multiple violations of one release agreement to constitute separately punishable violations. Defendant asserts that he preserved his argument for appeal, but in the event that we disagree, he requests plain error review. Because we conclude that his argument was not preserved and that any error was not plain on this record, we affirm.

Defendant, who was subject to a release agreement in Case No. 23CR31015 that required him to appear for a hearing on August 30, 2023, and his trial the next day, failed to appear on both of those dates. He was charged with two counts of FTA, and pleaded guilty to both counts in Case No. 23CR43155. On appeal, defendant contends that the trial court erred by not merging the two convictions of FTA because (1) the legislature did not intend for his conduct to constitute separately punishable "repeated" violations, and alternatively, (2) the state failed to prove that defendant's FTA violations were separated by the requisite sufficient pause under ORS 161.067(3).

First, we address whether defendant preserved the issue for appeal. In order to preserve an issue for appeal, a defendant must have "give[n] a trial court the chance to consider and rule on a contention[.]" *Peeples v. Lampert*, 345 Or 209, 219, 191 P3d 637 (2008). "[P]rocedural fairness to the parties and to the trial court" is the "touchstone" of preservation. *Id.* at 20. "Ultimately, the preservation rule is a practical one, and close calls * * * inevitably will turn on whether, given the particular record of a case, the court concludes that the policies underlying the rule have been sufficiently served." *State v. Parkins*, 346 Or 333, 341, 211 P3d 262 (2009).

Defendant asserts that the following statements made during the sentencing hearing preserved the issue for appeal:

> "I originally had wanted to make an argument that that was a single incident of a failing to appear. It was a single release agreement with the dates on it. He missed the first date and was revoked immediately. And then he missed the second date, which was the following day.
>
> "* * * * *
>
> "But I would present to the Court that it was * * * a single decision. Although appeals court rulings have indicated that the Court is certainly able to address that as two separate crimes and sentence them consecutively."

Defendant's statement did not preserve the issue for appeal because the trial court was not given adequate notice that defendant sought a ruling on the matter. *See State v. Geyer*, 287 Or App 25, 34, 401 P3d 1259, *rev den*, 362 Or 208 (2017) (holding that a defendant's brief articulation of a theory now advanced on appeal "did not fairly apprise the trial court that defendant sought a ruling on the issue"). While defendant asserted that his conduct should be considered a single decision under the circumstances, provided the greater context of the record, that statement did not prompt the trial court to make any ruling on whether the violations should merge for purposes of sentencing.

Second, we address whether any error was plain. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006).

We are not persuaded that any error here is plain. In response to defendant's first argument, it is not beyond dispute that a failure to appear multiple times on a single release agreement is a single offense. Defendant asserts that because, in his view, failure to appear is an ongoing offense, merger is required as a matter of law. But the law does not plainly establish that the crime of failure to appear

is an ongoing offense, and the record does not plainly establish that defendant's conduct was part of the same criminal episode.

Under ORS 162.205, a person commits the crime of first-degree failure to appear if the person "knowingly fails to appear as required after" being released from custody or a correctional facility under a release agreement. The text of the statute makes it clear that the offense is committed when a person does not "appear as required." *See State v. Crawford*, 208 Or App 340, 346-49, 144 P3d 1073 (2006) (recognizing that the failure to appear statute punishes defendants who fail to "appear as required" under their release agreement). Consequently, if a release agreement requires a defendant to appear on distinct dates, it is at least arguable that he can be held accountable for each distinct violation. *See*, *e.g.*, *State v. Phillips*, 84 Or App 316, 318-19, 734 P2d 4, *rev den*, 303 Or 370 (1987) (because defendant's release agreement required him to be present on "dates and times 'to be set,'" his violation of the release agreement is not excused because he attended the first two days of trial); *State v. Eastman*, 112 Or App 256, 258, 828 P2d 484 (1992) ("The gravamen of [failure to appear] is the violation of a release or security agreement."). The law does not establish, therefore, as a matter of plain error, that the crime of failure to appear is an ongoing offense.

Further, when crimes arise under a single statutory provision and involve only one victim, but the "repeated violations" were separated "by a sufficient pause in the defendant's criminal conduct to afford the defendant an opportunity to renounce the criminal intent," the verdicts do not merge. ORS 161.067(3). It is not obvious on this record that failing to appear for two separate court dates on consecutive days did not constitute a repeated violation of the same statutory provision. Similarly, whether a sufficient pause occurred between the two violations of ORS 162.205(1)(a) is not obvious or beyond dispute. Thus, any error on this record is not plain.

Affirmed.