Argued and submitted November 12, 1981, modified and
remanded for resentencing February 22, 1982

## STATE OF OREGON,
*Respondent,*

*v.*

## PETE JANTZI,
*Appellant.*

(No. 81-122 C, CA A21532)

641 P2d 62

Ernest E. Estes, Deputy Public Defender, Salem, argued
the cause for appellant. With him on the brief was Gary D.
Babcock, Public Defender, Salem.

Virginia L. Linder, Assistant Attorney General, Salem,
argued the cause for respondent. With her on the brief were
Dave Frohnmayer, Attorney General, and William F. Gary,
Solicitor General, Salem.

Before Gillette, Presiding Judge, and Joseph, Chief Judge, and Roberts, Judge Pro Tempore.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals his conviction in a trial to the court for assault in the second degree, assigning as error the failure of the trial court to grant his motion for judgment of acquittal and the imposition of a probation fee as a condition of probation. In the unusual circumstances presented here, we find that defendant was guilty of assault in the third degree, rather than in the second degree, and modify the conviction accordingly.

The trial court stated for the record at the close of the evidence that it believed defendant's version of what occurred in the incident from which this charge arose. Defendant testified that he was asked to accompany Diane Anderson, who shared a house with defendant and several other people, to the home of her estranged husband, Rex. While Diane was in the house talking with Rex, defendant was using the blade of his knife to let the air out of the tires on Rex's van. Another person put sugar in the gas tank of the van.

While the Andersons were arguing, Diane apparently threatened damage to Rex's van and indicated that someone might be tampering with the van at that moment. Rex's roommate ran out of the house and saw two men beside the van. He shouted and began to run toward the men. Rex ran from the house and began to chase defendant, who ran down a bicycle path. Defendant, still holding his open knife, jumped into the bushes beside the path and landed in the weeds. He crouched there, hoping that Rex would not see him and would pass by. Rex, however, jumped on top of defendant and grabbed his shirt. They rolled over and Rex was stabbed in the abdomen by defendant's knife. Defendant could not remember making a thrusting or swinging motion with the knife; he did not intend to stab Rex.

The indictment charged that defendant "did unlawfully and knowingly cause physical injury to Rex Anderson by means of a deadly weapon, to-wit: knife, by stabbing the said Rex Anderson with said knife." ORS 163.175 provides that:

"(1) A person commits the crime of assault in the second degree if he:

"* * * * *

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon; "* * * * *."

"Knowingly" is defined in ORS 161.085(8):

" 'Knowingly' or 'with knowledge' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that his conduct is of a nature so described or that a circumstance so described exists."[1]

The trial court stated:

"Basically, the facts of this case are: that Defendant was letting air out of the tires and he has an open knife. He was aware of what his knife is like. He is aware that it is a dangerous weapon. He runs up the bicycle path. He has a very firm grip on the knife, by his own admission, and he knows the knife is dangerous. It is not necessary for the state to prove that he thrust it or anything else. Quite frankly, this could have all been avoided if he had gotten rid of the knife, so he 'knowingly caused physical injury to Rex Anderson.' And, therefore, I find him guilty of that particular charge."

■ ■   Although the trial judge found defendant guilty of "knowingly" causing physical injury to Anderson, what he described in his findings is recklessness.[2] The court found

----

[1] The commentary to the Oregon Criminal Code of 1971 (1975 ed) indicates that the definitions of the culpable mental states set out in ORS 161.085 are derived from the New York Revised Penal Law §§ 15.00-15.05, and that

"[t]he definition of 'knowingly' or 'with knowledge' in subsection (8) was changed by the New York reporters to eliminate any reference to result of conduct and to restrict the term to awareness of the nature of one's conduct or of the existence of specified circumstances (*e.g.*, that property is stolen, that one has no right to enter a building, etc.). The New York commentary has this to say:

" 'Under the formulations of the Model Penal Code (§ 2.02 [2bii]) and the Illinois Criminal Code (§ 4-5 , "knowingly" is, in one phase, almost synonymous with "intentionally" in that a person achieves a given result "knowingly" when he "is practically certain" that his conduct will cause that result. This distinction between "knowingly" and "intentionally" in that context appears highly technical or semantic, and the Revised Penal Law does not employ the word "knowingly" in defining *result* offenses. Murder of the common law variety, for example, is committed *intentionally* or not at all.' (Commentary § 15.05, New York Revised Penal Law)."

[2] The state does not challenge our consideration of what the trial judge said, as opposed to the judgment he entered. *See State v. Burney,* 49 Or App 529, 619 P2d 1336 (1980); *State v. Rainwater,* 26 Or App 593, 553 P2d 1085 (1976).

that defendant knew he had a dangerous weapon and that a confrontation was going to occur. The court believed that defendant did not intend to stab Anderson. The court's conclusion seems to be based on the reasoning that because defendant knew it was possible that an injury would occur, he acted "knowingly." However, a person who "is aware of and consciously disregards a substantial and unjustifiable risk" that an injury will occur acts "recklessly," not "knowingly." *See* ORS 161.085(9). Recklessly causing physical injury to another is assault in the third degree. ORS 163.165.

■ This is a slightly different situation from that presented in *State v. Jackson*, 40 Or App 759, 596 P2d 600 (1979),[3] in which there was insufficient evidence to support the charge for which the defendant was convicted, but the facts necessarily found supported conviction of a lesser offense. Here there was evidence that would have supported a finding of assault in the second degree, but the trial court specifically found the facts to be such that they only support a charge of reckless, rather than knowing, assault.

We have authority, pursuant to Article VII (Amended), section 3, of the Oregon Constitution, to enter the judgment that should have been entered in the court below. Assault in the third degree is a lesser included offense of the crime of assault in the second degree charged in the accusatory instrument in this case. *See* ORS 136.460. We modify defendant's conviction to a conviction for the crime of assault in the third degree.

Defendant raises on appeal the question of whether the imposition of a probation fee, required by Oregon Laws 1981, chapter 169, is an unconstitutional *ex post facto* penalty. He did not raise that issue in the trial court and, for the purposes of this appeal, it was waived.

Conviction affirmed as modified; remanded for resentencing.

---

[3] *See also, State v. Rainwater, supra,* n 2; *State v. Wier,* 22 Or App 549, 540 P2d 394 (1975); *State v. Niehuser,* 21 Or App 33, 533 P2d 834 (1975); *State v. Dazhan, Sears,* 15 Or App 300, 516 P2d 92 (1973); *State v. Mayo,* 13 Or App 582, 511 P2d 456, *rev den* (1973).