Argued and submitted August 11, reversed September 29, 1982

STATE OF OREGON,
*Respondent,*

*v.*

DEBRA KAY HOYGAARD,
*Appellant.*

(No. R 06756, CA A24420)

651 P2d 168

Merrill Schneider, Sandy, argued the cause and filed the brief for appellant.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

GILLETTE, P. J.

## GILLETTE, P. J.

Defendant appeals her conviction for hunting with the aid of a light. After trial to the court, the trial judge found that defendant had participated in gutting and dressing a deer after it had been hunted and killed with the aid of a light and therefore found her guilty. We reverse.

Defendant was convicted of violating ORS 498.142(1):

> "Except as provided in subsection (2) of this section, no person shall hunt wildlife with the aid of any artificial light."

ORS 496.004 provides that:

> "(8) 'Hunt' means to take or attempt to take any wildlife by means involving the use of a weapon or with the assistance of any mammal or bird.
>
> "* * * * *
>
> "(10) 'Take' means to kill or obtain possession or control of any wildlife."

Although there was evidence from which a trier of fact *could* have found that defendant was hunting as that word is defined in the statute, the trial court clearly indicated that it did not believe that defendant had participated in taking or attempting to take the deer. At the close of the evidence, the court stated:

> "* * * I'm satisfied that a person did hunt with the aid of a light. That a necessary consequence of hunting with an aid of a light and taking a deer would be the dressing [of] that deer. * * * I think there is circumstantial evidence that the defendant did participate in the gutting and dressing of the deer. As I read the statute regarding hunting with a light, and the definition of the term hunt, and to take, the conduct of the defendant after the deer had been slain with the use of a light, would in my opinion constitute aiding in the hunting with the light. I'll enter a finding of guilty."

We think it evident that gutting and dressing a deer killed by another is not hunting as that term is defined in the statute. The facts specifically found by the trial court—as contrasted with the facts the trial court could have found—do not support a conviction for hunting with

the aid of an artificial light, and the conviction must be reversed. *See State v. Jantzi,* 56 Or App 57, 641 P2d 62 (1982).

Reversed.