Argued and submitted November 28, 2001, affirmed January 30, 2002

# STATE OF OREGON,
*Respondent,*

*v.*

# DAVID BRUCE McNAIR, JR.,
*Appellant.*

991292; A109616

39 P3d 284

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was David E. Groom, Public Defender.

Jonathan H. Fussner, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Deits, Chief Judge, and Brewer, Judge.

BREWER, J.

**BREWER, J.**

Defendant appeals from his convictions for two counts of assault in the second degree under ORS 163.175(1)(a) (Count 1) and ORS 163.175(1)(b) (Count 2).[1] In his sole assignment of error, defendant asserts that the trial court erred in failing to give the jury his requested lesser-included offense instruction on assault in the third degree under ORS 163.165(1)(a) and ORS 163.165(1)(b).[2] We review for errors of law, *State v. Lee*, 174 Or App 119, 125, 23 P3d 999 (2001), and affirm.

We view the facts in the light most favorable to defendant to determine whether there was evidence to support the requested instruction. *State v. Loew*, 130 Or App 370, 372, 881 P2d 837 (1994). On October 9, 1999, defendant had a verbal confrontation at a tavern with Richard Elliott and one of Elliott's companions. Defendant became angry, and the owner of the tavern ushered him out after defendant threw a pool ball across the bar. Defendant then went to another tavern across the street. Elliott later went to the other tavern to talk to defendant. Elliott wanted to calm defendant down, but defendant told Elliott to get out of defendant's face or defendant would "hurt" Elliott. Elliott returned to the first tavern and remained there for another hour. At about midnight, Elliott and his friends left the tavern and headed toward their vehicle. As they passed the second tavern, defendant rushed out to confront them. Defendant

---

[1] ORS 163.175 provides, in part:

"(1) A person commits the crime of assault in the second degree if the person:

"(a) Intentionally or knowingly causes serious physical injury to another; or

"(b) Intentionally or knowingly causes physical injury to another by means of a deadly or dangerous weapon[.]"

[2] ORS 163.165 provides, in part:

"(1) A person commits the crime of assault in the third degree if the person:

"(a) Recklessly causes serious physical injury to another by means of a deadly or dangerous weapon; [or]

"(b) Recklessly causes serious physical injury to another under circumstances manifesting extreme indifference to the value of human life[.]"

wanted to fight Elliott's companion. Elliott stepped between the men to calm defendant. Defendant then struck Elliott, knocking him to the ground and rendering him unconscious. After Elliott was down, defendant kicked his head.

As a result of the attack, Elliott suffered vision and hearing problems, bone damage in his sinus and face, numbness in his mouth, neck problems, and dizziness. In addition, Elliott lost two teeth, had a metal plate surgically inserted in his face, and suffered facial scarring. As a result of his injuries, Elliott has not been able to work in his customary trade.

A witness testified that, at the time of the incident, defendant had been drinking and was affected by what he drank. Defendant told the police that he had drunk a bottle of 100 proof whiskey and a lot of beer before the incident. Defendant's memory of the events preceding the incident was hazy. He did not remember throwing the pool ball. However, defendant did remember knocking Elliott to the ground and kicking him. When police showed defendant photographs of Elliott's injuries, defendant cried and said, "I [cannot] believe I did that to my friend," and "I know I [should not] have kicked him so hard." Defendant stated that he did not intend to kick Elliott in the head and that, until he saw the photos, he had believed that he kicked Elliott in the shoulder.

Defendant requested the trial court to instruct the jury on two different types of assault in the third degree, ORS 163.165(1)(a) and (1)(b), as lesser-included offenses of the charged offenses. The trial court refused to instruct on third-degree assault.[3] The court ruled, as a matter of law, that assault in the third degree was not a lesser-included offense of assault in the second degree and that, in any event, the evidence at trial would not permit a rational juror to acquit defendant of assault in the second degree and to convict him of assault in the third degree. The jury found defendant guilty of both charged offenses, and defendant appeals from his resulting convictions.

On appeal, defendant asserts that the indictment "for assault in the second degree would include by necessary

---

[3] The court did instruct the jury on assault in the fourth degree. That instruction is not at issue on appeal.

implication the lesser degrees of assault including assault in the third degree." Defendant concedes that he assaulted Elliott but "den[ies] knowledge or intent." According to defendant, the decisive issue is whether the evidence permitted the jury to find that he acted "recklessly," the mental state required to convict him of third-degree assault, as opposed to "knowingly," the minimally culpable mental state required for a conviction of assault in the second degree.[4]

As he did at trial, defendant primarily relies on two opinions of this court to support his argument. In the first, *State v. Jantzi*, 56 Or App 57, 61, 641 P2d 62 (1982), this court held that "[r]ecklessly causing physical injury to another is assault in the third degree. ORS 163.165." This court further said that "[a]ssault in the third degree is a [lesser-included] offense of the crime of assault in the second degree charged in the accusatory instrument in this case." *Id.* In the second case, *State v. Thayer*, 32 Or App 193, 573 P2d 758, *rev den* 283 Or 1 (1978), although the defendant stabbed a homicide victim 50 times, this court reversed his conviction for murder because the trial court had failed to instruct the jury with respect to the lesser-included offense of first-degree manslaughter. The court held that evidence of the extent of the defendant's intoxication would have permitted the jury rationally to find the defendant guilty of first-degree manslaughter—an offense that required that the defendant have acted only recklessly. *Id.* at 196. Defendant asserts that, as in *Thayer*, there was evidence in this case that his intoxication rendered his mental state reckless, at most, when he assaulted the victim. Relying on *Jantzi*, defendant further reasons that he was entitled to a lesser-included offense

---

[1] Those mental states are defined in ORS 161.085, which provides, in part:

"(8) 'Knowingly' or 'with knowledge,' when used with respect to conduct or to a circumstance described by a statute defining an offense, means that a person acts with an awareness that the conduct of the person is of a nature so described or that a circumstance so described exists.

"(9) 'Recklessly,' when used with respect to a result or to a circumstance described by a statute defining an offense, means that a person is aware of and consciously disregards a substantial and unjustifiable risk that the result will occur or that the circumstance exists. The risk must be of such nature and degree that the disregard thereof constitutes a gross deviation from the standard of care that a reasonable person would observe in the situation."

instruction on third-degree assault. Defendant's reliance on *Jantzi* is misplaced.

■    A crime is a lesser-included offense of another crime if either of two circumstances exists: (1) the elements of the lesser offense necessarily are included in the greater offense, or (2) all the elements of the lesser offense are expressly pleaded in the accusatory instrument. *State v. Zimmerman*, 170 Or App 329, 332, 12 P3d 996 (2000); *State v. Cook*, 163 Or App 578, 581, 989 P2d 474 (1999). Defendant does not contend that all of the elements of either variant of third-degree assault were pleaded in the indictment and, therefore, he does not rely on the second test for a lesser-included offense. Instead, he focuses on the first test, under which the issue reduces to a single question: do any of the ways of proving assault in the second degree as provided under either ORS 163.175(1)(a) or (b) necessarily subsume all of the elements of assault in the third degree as provided in either ORS 163.165(1)(a) or (b)?

■    Count 1 of the indictment charged defendant with second-degree assault under ORS 163.175(1)(a). To obtain a conviction under subsection (1)(a), the state must prove that a defendant (1) acted intentionally or knowingly (2) in causing the victim physical injury (3) that was serious. By contrast, under ORS 163.165(1)(a), third-degree assault requires proof that a defendant (1) acted recklessly (2) in causing the victim physical injury (3) that was serious (4) by means of a deadly or dangerous weapon. Thus, although the element relating to acting recklessly is subsumed in the element relating to acting intentionally or knowingly, *see* ORS 161.115(3), ORS 163.165(1)(a) nevertheless requires proof of an element not subsumed in any element of ORS 163.175(1)(a): that the defendant used a deadly or dangerous weapon.

■    Next, Count 2 of the indictment charged defendant with second-degree assault under ORS 163.175(1)(b). Subsection (1)(b) requires proof that a defendant (1) acted knowingly or intentionally (2) in causing the victim physical injury (3) by means of a deadly or dangerous weapon. Again, however, third-degree assault under ORS 163.165(1)(a) requires proof that the victim suffered *serious* physical injury.

Because all of the elements of ORS 163.165(1)(a) are not subsumed in second-degree assault under ORS 163.175(1)(a) or (b), ORS 163.165(1)(a) is not a lesser-included offense of either crime charged in the indictment. Accordingly, the trial court correctly refused to instruct the jury on ORS 163.165(1)(a).

■ Nor did the trial court err in refusing to instruct the jury on third-degree assault under ORS 163.165(1)(b). That variant requires proof that defendant recklessly caused serious physical injury to the victim "under circumstances manifesting extreme indifference to the value of human life." *See State v. Boone*, 294 Or 630, 634, 661 P2d 917 (1983) (holding that "extreme indifference," where mentioned in the assault statutes, is a separate element of the offense). Assault in the second degree under ORS 163.175(1)(a), charged in Count 1, requires proof that defendant knowingly caused serious physical injury to the victim but does not require proof that defendant acted under circumstances manifesting extreme indifference to the value of human life. Because "extreme indifference" need not be proved to convict defendant of second-degree assault as pleaded in Count 1, assault in the third degree under ORS 163.165(1)(b) is not a lesser-included offense of Count 1. *See Cook*, 163 Or App at 582-83 (holding that "extreme indifference" is not an additional culpable mental state but, rather, refers to an attendant circumstance creating a heightened degree of blameworthiness; an offense therefore is not a lesser-included offense of a charged offense if it requires proof of "extreme indifference" and the charged offense does not).

■ Similarly, assault in the second degree under ORS 163.175(1)(b), charged in Count 2, requires proof that defendant knowingly caused physical injury to the victim by means of a deadly or dangerous weapon but does not require proof that defendant acted under circumstances manifesting "extreme indifference." Because "extreme indifference" need not be proved to convict defendant of second-degree assault under Count 2, assault in the third degree under ORS 163.165(1)(b) is not a lesser-included offense of Count 2. Accordingly, the trial court also correctly declined to instruct the jury on assault in the third degree under ORS 163.165(1)(b), because that variant is not, as a matter of law,

a lesser-included offense of either crime with which defendant was charged.

Only the loose end posed by *Jantzi* remains for discussion. In *Jantzi*, the defendant was charged with committing second-degree assault under ORS 163.175(1)(b) by knowingly causing physical injury to the victim by means of a deadly weapon.[5] After a bench trial, the trial court found that the defendant acted knowingly and convicted him of second-degree assault. On appeal, this court concluded that the trial court's stated reasoning disclosed that it had misapplied the standard for "knowing" conduct and had actually found that the defendant acted recklessly. This court decided, however, that the defendant properly could be convicted of third-degree assault and modified the conviction accordingly. 56 Or App at 61.

This court was mistaken in *Jantzi* when it said that "[r]ecklessly causing physical injury to another is assault in the third degree" and that "[a]ssault in the third degree is a [lesser-included] offense of assault in the second degree charged in the accusatory instrument in this case." *Id.* The first statement is incorrect simply because recklessly causing *physical* injury to another, without more, constitutes the offense of assault in the fourth degree. *See* ORS 163.160(1)(a). To explain why the second statement is erroneous requires a more extended discussion. Although the *Jantzi* court did not distinguish among the various means of committing third-degree assault, ORS 163.165 (1979) provided three alternatives, each of which currently remains in effect. Two of those, ORS 163.165(1)(a) and (1)(b), unlike ORS 163.175(1)(b), require proof of *serious* physical injury. As previously noted, ORS 163.165(1)(a) and (b) are not lesser-included offenses of second-degree assault under ORS 163.175(1)(b). The third, ORS 163.165(1)(c) provides that a person commits assault in the third degree if the person "[r]ecklessly causes physical injury to another *by means of a*

---

[5] The indictment in *Jantzi* alleged that the defendant committed his crimes in 1981, when the 1979 versions of ORS 163.165 and ORS 163.175 were in effect. For present purposes, those statutes were identical to the current versions, although ORS 163.165 now provides for six additional variants of third-degree assault that did not exist when *Jantzi* was decided. Those variants are not implicated in this case. *See* ORS 163.165(1)(d)-(i).

*deadly or dangerous weapon under circumstances manifesting extreme indifference to the value of human life*[.]"[6] (Emphasis added.) Thus, as pertinent here, recklessly causing *physical* injury—as opposed to *serious* physical injury—to another, is assault in the third degree only if the defendant used a deadly or dangerous weapon and also acted under circumstances manifesting extreme indifference to the value of human life.

Even if the *Jantzi* court had ORS 163.165(1)(c) in mind when it declared that third-degree assault was a lesser-included offense of second-degree assault as charged in that case, it was mistaken. *Boone*, which was decided after *Jantzi*, made clear that "extreme indifference" is not merely a type of recklessness but actually is an element relating to circumstances of the crime that must be proved in addition to the defendant's culpable mental state. *Boone*, 294 Or at 634. The indictment in *Jantzi* did not allege that the defendant acted with "extreme indifference." Accordingly, to the extent that *Jantzi* implies that an indictment charging second-degree assault sufficiently pleads the element in third-degree assault of "extreme indifference" by alleging that the defendant knowingly caused physical injury by means of a deadly weapon, it was overruled by *Boone* and *Cook*.

Because we conclude that assault in the third degree under ORS 163.165(1)(a) and (b) is not a lesser-included offense of either of the crimes for which defendant was indicted, we need not consider defendant's derivative contention based on *Thayer* that the evidence in this case would permit a rational juror to convict him of assault in the third degree.

Affirmed.

---

[6] Defendant did not ask the trial court to instruct the jury with respect to ORS 163.165(1)(c), presumably because he did not dispute that the victim's physical injuries were *serious*.