Argued and submitted April 26, 2013, reversed November 13, 2014

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ALEXIS JOY ENYEART,
*Defendant-Appellant.*

Washington County Circuit Court
C101857CR; A147684

340 P3d 57

Jonah Morningstar, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Jennifer S. Lloyd, Attorney-in-Charge, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and De Muniz, Senior Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Defendant appeals a judgment of conviction for interfering with a peace officer, ORS 162.247(1)(b). While defendant was stopped at a red light, a police officer approached defendant and ordered her to turn off her car's engine. When the stoplight turned green, defendant drove off. The state subsequently charged defendant with attempting to elude a police officer, ORS 811.540(1)(b)(A). The trial court did not convict her of that charge but, instead, convicted her of interfering with a peace officer as a lesser-included offense. Defendant contends that the trial court erred in convicting her of the latter crime. She argues that the crime of interfering with a peace officer required the state to prove that she had acted intentionally, and, because the crime for which she had been charged, *viz.*, attempting to elude a police officer, required the state to prove only that she had acted knowingly, the former crime was not a lesser-included offense of the latter crime. We agree with defendant and, accordingly, reverse her conviction.

The facts are undisputed. A police officer noticed two cars driving close together and believed that they might be chasing each other. When the two cars stopped at a stoplight, the officer drove his patrol vehicle between them, got out of his car, and instructed both drivers to turn off their cars' engines. The officer repeated those instructions several times when defendant did not comply. The stoplight turned green, and defendant drove away. The officer remained at the stoplight to investigate the driver of the other car for driving under the influence of intoxicants. The officer did not pursue defendant.

Defendant was charged with attempting to elude a police officer, ORS 811.540(1)(b)(A).[1] The indictment alleged

---

[1] ORS 811.540(1) provides, in part:

"A person commits the crime of fleeing or attempting to elude a police officer if:

"(a) The person is operating a motor vehicle; and

"(b) A police officer who is in uniform and prominently displaying the police officer's badge of office or operating a vehicle appropriately marked showing it to be an official police vehicle gives a visual or audible signal to bring the vehicle to a stop, including any signal by hand, voice, emergency light or siren, and * * *

that defendant "unlawfully and knowingly" attempted to elude a police officer. The trial court did not convict defendant of attempting to elude a police officer but, instead, convicted her of interfering with a peace officer, ORS 162.247(1)(b), as a lesser-included offense.[2]

On appeal, defendant contends that the trial court erred in convicting her of interfering with a peace officer, ORS 162.247(1)(b), because the offense is not a lesser-included offense of attempting to elude a police officer. The state responds that the arguments that defendant makes on appeal were not presented to the trial court and, hence, are unpreserved. It further contends that, to the extent that defendant's arguments were preserved, they fail on their merits.

As we will explain, we conclude that one of the arguments that defendant makes on appeal—*viz.*, that interfering with a peace officer requires the state to prove a higher culpable mental state than the mental state for the crime charged in the indictment, and, therefore, that interfering with a peace officer is not a lesser-included offense of attempting to elude a police officer—was preserved and is correct. Accordingly, we conclude that the trial court erred in convicting defendant of the crime of interfering with a peace officer.

We begin by addressing the state's contention that defendant's arguments are unpreserved. At the close of the state's case, defendant moved for a judgment of acquittal, arguing that the crime of attempting to elude a police officer requires pursuit by an officer and that, here, the officer did not pursue defendant. The trial court suggested that the crime of interfering with a peace officer "might fit this

---

"(A) The person, while still in the vehicle, knowingly flees or attempts to elude a pursuing police officer[.]"

[2] ORS 162.247(1) provides:

"A person commits the crime of interfering with a peace officer * * * if the person, knowing that another person is a peace officer or a parole and probation officer as defined in ORS 181.610:

"(a) Intentionally acts in a manner that prevents, or attempts to prevent, a peace officer * * * from performing the lawful duties of the officer with regards to another person; or

"(b) Refuses to obey a lawful order by the peace officer * * *."

situation better." Defendant responded that that "clearly that has [not] been charged and is [not] a lesser-included offense." The court denied defendant's motion.

During closing arguments, the court invited the parties to address anew whether interfering with a peace officer was a lesser-included offense of attempting to elude a police officer. After initial confusion about the offense to which the trial court was referring,[3] defendant argued that interfering with a peace officer was not a lesser-included offense because it required proof that defendant had acted intentionally, which is a higher culpable mental state than the mental state that applied to the charged offense, which required the state to prove only that defendant had acted knowingly. The trial court rejected defendant's argument and entered a judgment of conviction for interfering with a peace officer. Defendant reprises that same argument on appeal. Thus, defendant preserved the argument.

We turn to the merits. The statute defining the crime of interfering with a peace officer is quoted in footnote 2 above. 266 Or App at 765 n 2. It provides that the offense can be committed in one of two ways: *viz.*, by intentionally interfering with a peace officer, ORS 162.247(1)(a), or by refusing to obey a peace officer's lawful order, ORS 162.247(1)(b). While the first of the two provisions expressly states the mental state that applies to it—*viz.*, an intentional mental state—the second does not. In *State v. Ruggles*, 238 Or App 86, 91, 242 P3d 643 (2010), *rev den*, 349 Or 601 (2011), we held that the crime specified in ORS 162.247(1)(b) is not a strict liability crime, suggesting that the state had to prove both that the defendant knew that the person issuing the order was a peace officer and that the defendant intended to violate the order. However, our suggestion in *Ruggles* that the verb "refuse" implies an intention to violate the order is not dispositive. *See Ruggles*, 238 Or App at 91. Nonetheless, as we will explain, we conclude that ORS 162.247(1)(b) requires the state to prove an intentional mental state for the "refuse to obey" element of the crime.

---

[3] At first, the parties believed that the offense about which the court had inquired was the traffic violation of failing to obey a police officer, ORS 811.535.

Of the four culpable mental states that can apply to the elements of a crime in Oregon, only the knowing and intentional mental states could apply to the "refuses to obey" element in ORS 162.247(1)(b), because refusing to obey an order is a form of conduct. *Cf.* ORS 161.085 (defining both intentional and knowing culpable mental states as mental states that apply to conduct crimes). A person acts with an intentional mental state when the person acts "with a conscious objective to cause the result or to engage in the conduct so described." ORS 161.085(7). A person acts with a knowing mental state when the person acts with an "awareness that the conduct of the person is of a nature so described or that a circumstance so described exists." ORS 161.085(8). Our task is to identify whether either, or both, of those culpable mental states applies.

We begin our analysis with the text of the statute, focusing on the operative verb, "refuse." The applicable definition of the verb "refuse" is "to show or express a *positive* unwillingness to do or comply with (as something asked, demanded, expected)—used with a following infinitive <*refused* to answer the question>." *Webster's Third New Int'l Dictionary* 1910 (unabridged ed 2002) (first emphasis added). In other words, to "refuse to obey" a lawful order under ORS 162.247(1)(b) means to show or communicate a *positive* unwillingness to obey the order. A refusal is more than an accident; it is a positive, that is to say, willful expression of a conscious choice. If a hypothetical defendant were physically unable to obey an order, then the defendant would have failed to obey, rather than refused to obey, the order. In sum, the verb "refuse" implies a conscious intention to violate a directive. That conscious intention is most consistent with an intentional culpable mental state, a mental state that requires that the defendant act with a conscious objective to cause the result or to engage in the conduct. We conclude that a refusal's affirmative quality can be reconciled only with an intentional culpable mental state, *viz.*, a conscious intention not to obey an officer's lawful order. Hence, to prove that defendant violated ORS 162.247(1)(b), the state was required to prove that defendant acted intentionally.

We turn to whether defendant's conviction was for a lesser-included offense of the crime charged in the

indictment. A court lacks authority to convict a defendant of a crime that the state did not charge in the charging instrument. However, a court may convict a defendant of an offense that is not expressly charged if the offense is a lesser-included offense of a charged crime. *See, e.g., State v. Woodson*, 315 Or 314, 319, 845 P2d 203 (1993). For a crime to be a lesser-included offense of a charged crime, one of two conditions must be satisfied: (1) the lesser-included offense must necessarily be included within the charged crime because the elements of the former are subsumed in the latter, or (2) the facts alleged in the charging instrument must expressly include conduct that describes the elements of the lesser-included offense. *See, e.g., State v. McNair*, 179 Or App 308, 313, 39 P3d 284 (2002).

Neither of those conditions was satisfied here. First, the intentional mental state that applies to ORS 162.247(1)(b) is not subsumed in the knowing mental state that applies to the crime of attempting to elude a police officer. *See* ORS 161.115(3) (proof that a person acted intentionally establishes that the person acted knowingly, but not vice versa). Hence, the conduct proscribed by ORS 162.247(1)(b) is not subsumed within the conduct proscribed by ORS 811.540(1)(b)(A). Second, the charging instrument did not expressly allege that defendant had intentionally refused to obey a lawful order but, rather, alleged only that defendant had acted knowingly. Hence, interfering with a peace officer under ORS 162.247(1)(b) was not a lesser-included offense of attempting to elude a police officer, and the trial court erred in convicting defendant of the former offense.

Reversed.