***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Argued and submitted May 12, 2021, affirmed August 10, 2022

Teressa RAIFORD
*Plaintiff-Appellant,*

*v.*

CITY OF PORTLAND,
*Defendant-Respondent.*

Multnomah County Circuit Court
17CV34180; A170603

Leslie G. Bottomly, Judge.

Matthew G. McHenry argued the cause and filed the briefs for appellant.

YoungWoo Joh argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

Plaintiff appeals from a general judgment dismissing her lawsuit for false arrest and battery against the City of Portland. A Portland police officer arrested her when she did not move out of the street while leading chants at a protest. Plaintiff was ultimately acquitted of the resulting disorderly conduct charge that was brought to trial, and she subsequently brought this lawsuit against the city. In the trial court, the parties agreed that plaintiff's claims could survive only if the arresting police officer lacked probable cause to arrest her. The parties also agreed that, ultimately, whether the officer had probable cause was a question of law for the trial court to decide. However, the court denied the city's summary judgment motion on the issue, concluding that there were genuine issues of material fact to preclude summary judgment. The parties then stipulated to submit the issue to the court to decide based on the summary judgment record. The court concluded that the police officer did have probable cause to arrest plaintiff for interference with a peace officer for refusing to obey a lawful order and dismissed plaintiff's claims. On appeal, plaintiff asserts that the trial court erred. As explained below, we affirm the trial court.

We first address the somewhat unusual procedural posture in which this case comes to us. The trial court did not grant summary judgment or a directed verdict to the city. Rather, the parties requested that the trial court determine the legal issue of probable cause based on the summary judgment record provided to the court. The court agreed to do so, but it clarified with the parties more than once that, by doing so, they were waiving a jury as to any issue of disputed fact relevant to the trial court's probable cause determination. The parties agreed to the court's clarification. Thus, in the procedural posture created by the parties' stipulation, we review the court's decision as we would following a bench trial. Under that standard, "we review the trial court's explicit and implicit findings of fact for any evidence in the record to support them, and the legal consequences of those facts for legal error." *Grimstad v. Knudsen*, 283 Or App 28, 31, 386 P3d 649 (2016), *rev den*, 361 Or 350 (2017) (internal quotation marks and brackets omitted). Here, the trial

court made extensive findings of fact based on inferences from the summary judgment record, which included video of plaintiff's arrest.

In 2015, police officers arrested plaintiff during a protest that marked the one-year anniversary of the death of Michael Brown. At some point, a large group of protesters moved into the street, blocking an intersection. Uniformed police officers arrived in marked cars and told the protesters to stay out of the street or they would be subject to arrest. Most of the people present complied and moved onto the sidewalk; however, plaintiff remained in the street using a bullhorn to lead chants with the protesters who were on the sidewalk. As described by the trial court:

> "[The court] make[s] probable cause determinations based on all of the facts and circumstances. It is undisputed that [plaintiff] was in the street. The police had the authority to order her to get out of the street. That is, an order by the police saying 'get out of the street' is a lawful order. And there can be little dispute that Sergeant Clark and the other officers present that day were peace officers.

> "[Plaintiff] admits that she did not get out of the street and that she had time to do so. The dispute identified by both the City and [plaintiff] is whether it was reasonable for the police to conclude that she heard the police order, understood it came from the police and was directed at her, but chose to disregard the order.

> "It is apparent from the video that the police arrived in numerous marked police vehicles and there were a number of fully uniformed police officers milling about, and at one time or another, crossing over to the protesters. It is apparent from the video, and I hereby find, that individual protesters heard the police orders to get out of the street and complied.

> "[Plaintiff] specifically admits she was aware generally of the police presence. [Plaintiff] was actively protesting and leading chants with a bullhorn.

> "Based largely upon the video evidence, supplemented by Sergeant Clark's testimony, I find that Sergeant Clark approached [plaintiff] while she was in the street, placed his hand on her back, gestured to the sidewalk and told her in a voice that he considered loud to get off the street or you

will be arrested, or something to that effect. Both Sergeant Clark and [plaintiff] agree that she did not respond to him.

"Sergeant Clark testified that it was his impression that she saw him and he couldn't think of what else he could have done to convey the order. [Plaintiff] testified she was generally aware that the police were there and that when *** Sergeant Clark approached her, she probably responded by trying to get the attention of a liaison so she would not have to interact with the police. She denies having heard the order.

"I find that several officers again approached her after an interim period and directed her again to get out of the street or she would be—she would be arrested. At this point [plaintiff] was facing the police. One of the officers gestured to the sidewalk. [Plaintiff] backed slowly away from the police a few steps with one arm up saying, 'I'm not resisting.' She was then arrested."

Based on those findings, the trial court concluded that Clark had probable cause to arrest plaintiff for interference with a peace officer for refusing to obey a lawful order. The court concluded that Clark "would have a subjective belief that [plaintiff] had committed the crime of interfering with a peace officer for failing to obey." The court then addressed whether Clark's belief was objectively reasonable:

"I must consider the reasonableness based on facts known to Sergeant Clark. He approached [plaintiff], placed his hand on her back, gestured toward the sidewalk, and ordered her to get out of the street or she would be arrested. He believed she saw him. Police officers approached her again later, ordered her out of the street and gestured toward the sidewalk. [Plaintiff] backed away and was arrested.

"Although it is possible that [plaintiff] did not hear Sergeant Clark or understand that she was the subject of his order, I conclude that it would be objectively reasonable for Sergeant Clark to believe that [plaintiff] knew he was a police officer, she understood she had been personally ordered to get out of the street, and that she intentionally ignored and moved slowly away to avoid complying with the directives. His conclusion is consistent with the wider context of the interaction that day.

"Prior to [plaintiff's] arrest, a number of officers in full uniform approached other protesters and began ordering them out of the street and informing them that they would be arrested if they did not comply. Some protesters got out of the street and can be heard telling other protesters, including [plaintiff], to get out of the street. This context would make it more reasonable for Sergeant Clark to believe [plaintiff] would be alert to a police officer approaching her and giving her direction to get out of the street.

"My conclusion is also based on his close physical proximity to her, having made physical contact and communicating his message verbally and by gesturing.

"Further, the order was given at least twice. Again, it's possible she did not hear or understand, but I find that it was objectively reasonable for the officer to conclude under these circumstances that she did hear and understand and simply chose to ignore.

"Based on my determination that both the subjective and objective arms of probable cause were satisfied, I reach the legal conclusion that there was probable cause to arrest [plaintiff] for interfering with a peace officer in failing to obey a lawful order."

Following that ruling, the court granted the city's motion to dismiss plaintiff's claims and entered a general judgment for the city.

On appeal, plaintiff argues that the trial court erred as a matter of law when it concluded that Clark had probable cause to arrest her for interference with a peace officer for refusing to obey a lawful order. Before returning to plaintiff's specific arguments, we first provide some necessary legal background.

There are four elements to a false arrest claim: "(1) the defendant must confine the plaintiff; (2) the defendant must intend the act that causes confinement; (3) the plaintiff must be aware of the confinement; and (4) the confinement must be unlawful." *Miller v. Columbia County*, 282 Or App 348, 353-54, 385 P3d 1214 (2016), *rev den*, 361 Or 238 (2017). Here, the only element in dispute on appeal is the fourth—whether the confinement was unlawful. As to that element, "the plaintiff has the initial burden of showing

that a restraint occurred, but, once that has been shown, it becomes the defendant's burden to prove that the restraint was lawful." *Id.* at 354 n 6. The existence of probable cause to arrest the plaintiff for a felony or misdemeanor renders the confinement lawful, as a matter of law. *Id.* at 355 (citing ORS 133.310(1)(b) and *State v. Miller*, 345 Or 176, 188, 191 P3d 651 (2008)).

*Former* ORS 162.247(1)(b) (2019), *amended by* Or Laws 2021, ch 254, § 1, provided that "[a] person commits the crime of interfering with a peace officer *** if the person, knowing that another person is a peace officer[,] *** [r]efuses to obey a lawful order by the peace officer[.]" Probable cause to make an arrest exists if "(1) the officer subjectively believes that a crime has been committed; and (2) the officer's subjective belief is objectively reasonable under the circumstances." *Miller*, 282 Or App at 357. Here, the trial court concluded that Clark had probable cause to arrest plaintiff for the crime of interference with a police officer for refusal to obey a lawful order. Whether an officer has probable cause to arrest a person for a crime is a question of law, which we review for errors of law. *Id.* at 356-57.

Plaintiff first asserts that the trial court applied an incorrect standard for determining whether Clark had probable cause to arrest plaintiff for the crime of interference with a peace officer. She asserts that the trial court applied a standard of whether plaintiff *failed* to follow a lawful order, instead of whether plaintiff *refused* to follow a lawful order, when the latter is the element of the crime, under *former* ORS 162.247(1)(b) (2019), which requires a conscious intent to disobey the order. *See State v. Enyeart*, 266 Or App 763, 767, 340 P3d 57 (2014) (intentional mental state applies to the element of "refuses to obey a lawful order by the peace officer" in *former* ORS 162.247(1)(b) (2019)).

We reject that contention without extended discussion. The trial court concluded that Clark had an objectively reasonable basis on which to conclude that plaintiff heard the lawful order to get out of the street or be subject to arrest and she chose to ignore it. Even if the trial court applied a *failure* to obey standard—and we do not agree that it did— any such error was harmless because the court articulated

a legally sufficient basis on which Clark had probable cause to arrest plaintiff for *refusal* to obey a lawful order.

Plaintiff next argues that the trial court erred because Clark could not have had an objectively reasonable basis on which to arrest her given that he also misunderstood the standard to be *failure* to obey a lawful order. That is, plaintiff argues, Clark did not testify that he had a subjective belief that she *refused* to obey a lawful order. Because his subjective belief could not satisfy the elements of the crime, plaintiff contends, it could not have been objectively reasonable.

We reject plaintiff's second argument for largely the same reasons as the first. An officer's mistaken subjective belief as to the elements of the crime of arrest does not render invalid probable cause that otherwise exists. *Miller*, 345 Or at 185 ("The fact that the officer may be mistaken about the basis or extent of the restraint is not fatal for the purposes of the subjective component, as long as objectively there is a constitutionally sufficient basis for the officer's actions."). What matters is whether the officer subjectively believes that the officer "has lawful authority to restrain the individual's liberty," *id.*, and whether that belief was objectively reasonable, because "the facts as the officer perceived them actually satisfy the elements of [the crime]." *State v. Tiffin*, 202 Or App 199, 204, 121 P3d 9 (2005). Here, the trial court found that Clark subjectively believed plaintiff committed the crime, and that finding is supported by the record. Further, as already noted, the court articulated a legally sufficient basis on which Clark had probable cause to arrest plaintiff for refusal to obey a lawful order, based on the facts as perceived by Clark. The prospect that Clark believed the element of the crime was failure to obey a lawful order, instead of refusal to obey a lawful order, does not change the outcome of that analysis.

Finally, plaintiff argues that the trial court erred because it failed to consider the totality of the circumstances in making its probable cause conclusion. Specifically, plaintiff argues that, under the totality of the circumstances—including the noise and crowding at the protest—it was not objectively reasonable for Clark to conclude that she heard

and refused to obey his order. Plaintiff argues that it is significant that Clark never testified that he thought she heard him, that it is undisputed that she did not respond to Clark when he delivered the order, and that she testified that she did not hear Clark or know that it was a police officer that touched her back. Plaintiff also argues that the trial court improperly relied on the second order to her, because Clark had issued the order to other officers to arrest plaintiff before speaking to her the second time.

"For an officer's subjective belief to be objectively reasonable, the facts known to the officer must provide a substantial objective basis for believing it was more likely than not that a person has committed a crime." *Miller*, 282 Or App at 357. Here, under the totality of the circumstances, the trial court did not err in concluding that Clark had probable cause to arrest plaintiff. The trial court's detailed ruling sufficiently summed up the facts as perceived by Clark that day. We are bound by those findings because they are supported by evidence in the record. *Grimstad*, 283 Or App at 31. Plaintiff's argument essentially is that the trial court should have made different findings based on the record—namely, that Clark did not believe that plaintiff heard his first order, or that Clark could not have relied on his second order to plaintiff in his decision to arrest her. That is not a basis on which we can reverse the trial court.

In addition, under the totality of the circumstances—which includes the noise, crowd, and plaintiff's testimony that she was unaware of the order—we conclude that the trial court did not legally err in concluding that Clark had probable cause to arrest plaintiff for interference with a peace officer for refusing to obey a lawful order. As noted, the court found that Clark perceived that plaintiff heard him and chose to ignore the order—a finding that we are bound by as a permissible inference from the evidence. The facts, as perceived by Clark, provided him with probable cause to arrest plaintiff, because the facts known to Clark provided "a substantial objective basis for believing it was more likely than not that a person has committed a crime." *Miller*, 282 Or App at 357. In particular, the following circumstances are significant: Uniformed officers

told protesters to leave the street or be subject to arrest. In response, protesters left the street and told other protesters (including plaintiff) to also leave the street. Clark also approached plaintiff individually, made physical contact, gestured to the sidewalk and in a loud voice told her to leave the street or be subject to arrest. Before her arrest, plaintiff was approached and told to leave the street again; instead of leaving, plaintiff backed slowly away and said, "I'm not resisting." Accordingly, we affirm.

Affirmed.